The People of the State of New York, Plaintiff, *v.* Norman B. Ackert, Defendant.

City Court of Middletown, July 3, 1946.

*Michael A. Gurda, Corporation Counsel,* for plaintiff.

*Norman B. Ackert,* defendant in person.

Faulkner, J. The defendant was charged with violating the provisions of section 8 of an Ordinance entitled " An ordinance providing for the establishing, maintenance, policing and supervision of parking meters and parking meter zones in the City of Middletown, New York " and the amendments thereto, which ordinance was adopted by the Common Council of said City on May 9, 1941, in that he, the operator of a vehicle which occupied a parking space on the westerly side of Center Street, adjacent to which a parking meter was located, did not, as required by said ordinance, immediately deposit or cause to be deposited in said parking meter a five-cent or a one-cent coin as required by said ordinance.

The police officer testified as to the motor vehicle being there and testified that the provisions of the ordinance had not been complied with. The defendant admitted that he had been there but claimed that he was exempt from the provisions of the said ordinance in that he was getting from a wholesale tobacconist certain items to put in his car and to deliver throughout his territory.

The question to be determined is whether such an act brought the defendant outside of the requirements of the ordinance.

The parking meter ordinance of Middletown was enacted pursuant to chapter 502 of the Laws of 1937 which amended section 54 of the Vehicle and Traffic Law and the power of

municipalities to pass such an ordinance has been recognized by the courts. (*Gilsey Buildings, Inc.,* v. *Village of Great Neck Plaza,* 170 Misc. 945, affd. 258 App. Div. 901.)

In this case the court assumed that parking as defined by the ordinance will not be confused with temporary stopping for the purpose of loading or unloading passengers or freight, which is permitted by subdivision 20 of section 2 of the Vehicle and Traffic Law. Did the defendant's acts come within the exemption provided by such section of the Vehicle and Traffic Law? In other words, did the merchandise which he was loading under the circumstances come within the definition of " freight "?

The court has been unable to find any decision placing an interpretation upon the word " freight " in connection with its use under section 2 of such law. It usually is understood as something being transported by a common carrier whether by rail or by water. The sender is usually referred to as the consignor and the receiver as the consignee. Words and Phrases (Vol. 17, Perm. ed.) has, among several definitions, the following: " The word ' freight ' has two meanings, being used to denote the compensation paid to a carrier of goods and also the property carried. *The Nassau,* 188 F. 46, 48, 110 C. C. A. 184. * * * Term ' freight ' has been used from the earliest times to mean the property or commodity which is carried, whether it was that which was carried in times past in Conestoga wagons drawn by ox teams across the plains, or whether it was carried on canal boats, or is carried today by aeroplane, or by truck, as well as by rail. *Lyman-Richey Sand & Gravel Co.* v. *State,* 243 N. W. 891, 893, 123 Neb. 674, 83 A. L. R. 1301." Black's Law Dictionary defines the word as follows: " Freight is properly the price or compensation paid for the transportation of goods by a carrier, at sea, from port to port. But the term is also used to denote the hire paid for the carriage of goods on land from place to place, (usually by a railroad company, but not an express company,) or on inland streams or lakes. The name is also applied to the goods or merchandise transported by any of the above means."

In view of the foregoing, and applying to the word " freight " the ordinary and usual significance given to it, the court decides that the merchandise being placed in the car under the circumstances testified to did not constitute " freight " as used in the Vehicle and Traffic Law and thus the operator did not come within the exception; and in order to occupy the space, he had to comply with the ordinance.

· It may very well be and probably is true that an exclusion of motor vehicles from the parking places in question without complying with the provisions of the ordinance works a hardship upon the business people who must use the parking places and that there should be some modification of the ordinance permitting such use. However, that is a matter for the legislative body of the city to pass upon rather than the court.

The defendant is fined the sum of $1 for having violated the ordinance in question.